UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

VICKY COCHRAN,

    Plaintiff,                             CASE NO. 2:13-cv-14013

    v.

VIKING CLIENT SERVICES, INC.,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, VICKY COCHRAN ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, VIKING CLIENT SERVICES, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Defendant conducts business in the State of Florida and therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person who resides in Sebring, Highlands County, Florida.

6. Defendant is a corporation with a business office located in the State of Minnesota.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3) and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. In or around September of 2012, Defendant placed at least one collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Plaintiff's alleged debt owed arises from transactions used for personal, family, and household purposes.

13. Defendant called Plaintiff's telephone number at 863-655-37XX.

14. In or around September of 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit A

15. In the voicemail message, Defendant's representative, "Joe" failed to meaningfully disclose the company's name or the nature of the call or state that the call was

from a debt collector. *See* Exhibit A.

16. In the voicemail message, Defendant's representative, "Joe", directed Plaintiff to call him back at 1-800-223-4974, which is a number that belongs to Defendant. *See* Exhibit A.

17. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 *et seq.*

18. Defendant violated the FDCPA based on the following:

   a) Defendant violated §1692d(6) of the FDCPA by calling Plaintiff and failing to disclose its identity.

   b) Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

   c) Defendant violated §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt.

   d) Defendant violated §1692e(11) of the FDCPA by failing to disclose in its message that it is a debt collector.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

3

21. Any other relief that this Honorable Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

By: s/ Shireen Hormozdi
     Shireen Hormozdi
     Krohn & Moss, Ltd
     10474 Santa Monica Blvd., Suite 401
     Los Angeles, CA 90025
     Phone:  (323) 988-2400 x 267
     Fax:     (866) 385-1408
     shormozdi@consumerlawcenter.com
     Attorney for Plaintiff
     Florida Bar No. 0882461

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

       Plaintiff, VICKY COCHRAN, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

       Pursuant to 28 U.S.C. § 1746(2), I, VICKY COCHRAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10-22-12

                                                                   VICKY COCHRAN,
                                                                 Plaintiff